Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Elizabeth A. Kramer (State Bar No. 293129)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
Email: dcg@girardgibbs.com
Email: je@girardgibbs.com
Email: aep@girardgibbs.com
Email: eak@girardgibbs.com

*Counsel for Plaintiffs*

[*Additional counsel listed on signature page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JAY BEYNON FAMILY TRUST DTD 10/23/1998, RICHARD J. CARLI, LOIS M. CARLI, ALBERT M. LYNCH, and FREDA B. LYNCH, on behalf of themselves and all others similarly situated, | Case No. 2:18-cv-00103-DMG-KS<br><br>**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD COUNSEL**<br><br>Date:  April 6, 2018<br>Time: 9:30 am<br>Courtroom: 8C<br>Hon. Dolly M. Gee |
| Plaintiffs,<br><br>v.<br><br>COMERICA BANK, NINA PEDERSEN, KIMBERLY A. PELGER, DONNA M. LOMBARDO, JANINE M. FLEIGLE, CATHY JONES, TACARA DEGLEY, ANNETTE DO, DIANA BALAYAN, LIANNA IRANOSSIAN, ADRIANE MOFFIT, and YOLANDA SANDOVAL,<br><br>Defendants. | |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................1

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: ............................................1

MEMORANDUM OF POINTS AND AUTHORITIES....................................................2

I.      INTRODUCTION ................................................................................................2

II.     RELEVANT BACKGROUND............................................................................3

III.    ARGUMENT ........................................................................................................4

        A.    Consolidation Will Further the Just and Efficient Progress of the
            Litigation. ..................................................................................................4

        B.    The Court Should Appoint a Single Firm to Lead the Litigation
            on Behalf of Plaintiffs. .............................................................................5

            1.    Girard Gibbs Performed Substantial Work Investigating This
                 Action. ............................................................................................7

            2.    Girard Gibbs Has Relevant Experience and Knowledge of the
                 Applicable Law. .............................................................................8

            3.    Girard Gibbs Is Committed to Protecting and Advancing the
                 Interests of Investors in the Woodbridge Companies.........................9

        C.    The Court Should Appoint an Executive Committee. .................................10

IV.    CONCLUSION ....................................................................................................11

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Academy of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*
2014 WL 12561068 (C.D. Cal. Mar. 27, 2014) ................................................5

*Galfer v. City of Los Angeles*
2014 WL 6455792 (C.D. Cal. Nov. 14, 2014) ................................................5

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*
282 F.R.D. 486 (C.D. Cal. 2012) ................................................5

*Investors Research Co. v. United States Dist. Court*
877 F.2d 777 (9th Cir. 1989) ................................................4

*Kaminske v. JP Morgan Chase Bank N.A.*
2011 WL 521338 (C.D. Cal. Jan. 3, 2011) ................................................7

*Lowery v. Spotify USA Inc.*
2016 WL 6818756 (C.D. Cal. May 23, 2016) ................................................4

*Maiteki v. Marten Transp. Ltd.*
2014 WL 4331664 (D. Colo. Sept. 2, 2014) ................................................4

*Parkinson v. Hyundai Motor Am.*
2006 WL 2289801 (C.D. Cal. Aug. 7, 2006) ................................................5, 7

*Roe v. Arch Coal, Inc.*
2015 WL 6702288 (E.D. Mo. Nov. 2, 2015) ................................................6

*Tolmasoff v. General Motors, LLC*
2016 WL 3548219 (E.D. Mich. June 30, 2016 ................................................6

**Rules**

Fed. R. Civ. P. 23 ................................................passim

Fed. R. Civ. P. 42(a) ................................................1, 2, 4

**Other Authorities**

3 Newberg on Class Actions § 10:9 (5th ed.) ....................................................11

Manual for Complex Litigation (Fourth) (2011) ....................................5, 6, 10

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 6, 2018, or as soon thereafter as the matter may be heard by the Honorable Dolly M. Gee in Courtroom 8C of the above-entitled court located at 350 West First Street, Los Angeles, California 90012, Plaintiffs Jay Beynon Family Trust DTD 10/23/1998, Richard J. Carli, Lois M. Carli, Albert M. Lynch, and Freda B. Lynch ("Plaintiffs") will and hereby do move for an order:

1.      Consolidating this action with Robert J. Prince, et al. v. Comerica Bank, No. 2:18-cv-00430-DMG-KS (C.D. Cal.) ("Prince"), Lloyd Landman, et al. v. Comerica Bank, No. 2:18-cv-00471-AB-JC (C.D. Cal.) ("Landman"), and Alan Gordon et al v. Comerica Bank, et al, No. 2:18-cv-01298 (C.D. Cal. filed Feb. 16, 2018) ("Gordon") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and

2.      Appointing Girard Gibbs LLP as Lead Counsel, and to serve as interim class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

3.      Appointing Wolf Haldenstein Adler Freeman & Herz LLP, Berger & Montague, P.C., Cohen Milstein Sellers & Toll PLLC, Sonn Law Group, and Levine Kellogg Lehman Schneider & Grossman LLP as an Executive Committee.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Proposed Order, any argument presented by counsel, and all documents on file in the above-referenced cases.

The Motion is made following conferences among counsel for Plaintiffs and Defendant Comerica Bank pursuant to Local Rule 7-3.  On March 1, 2018, Comerica stated that it does not oppose this Motion.  In addition, counsel for Plaintiffs conferred with counsel for plaintiffs in *Prince, Landman*, and *Gordon* on February 28, 2018, all of whom stated that they do not oppose this Motion.   Counsel for Plaintiffs are in the process of serving the individual defendants named in this action and have yet to confer with them or their counsel regarding this Motion.  Accordingly, the Proposed Order submitted herewith provides that it is entered without prejudice to the right of any party

1    who has not appeared in or been made a party to this action to contest any portion
2    thereof.

3                    **MEMORANDUM OF POINTS AND AUTHORITIES**

4    **I.      INTRODUCTION**

5            This action and *Prince, Landman*, and *Gordon* (the "Related Cases") assert class
6    claims against Comerica Bank and certain current and former Woodbridge employees
7    for their alleged participation in a Ponzi scheme that defrauded investors out of hundreds
8    of millions of dollars.  Rule 42(a) favors consolidation because the Related Cases
9    involve overlapping questions of fact and law centering on the defendants' alleged roles
10   in the scheme.

11           Plaintiffs also move for appointment of Girard Gibbs LLP as Lead Counsel,
12   including serving as interim class counsel.  *See* Fed. R. Civ. P. 23(g)(3).  Appointment
13   of lead counsel will ensure that the class of investors speaks with one voice—an
14   imperative as there would otherwise be duplicative and competing class actions.  As
15   detailed in the accompanying Declaration of Daniel C. Girard in Support of Motion for
16   Consolidation and Appointment of Lead Counsel ("Girard Decl."), the attorneys seeking
17   appointment are amply experienced in prosecuting class claims on behalf of defrauded
18   investors.  Mr. Girard and co-counsel in the first-filed *Beynon* action investigated this
19   matter for months and are committed to the efficient and aggressive prosecution of the
20   case.  Plaintiffs further move for appointment of Wolf Haldenstein, Berger & Montague,
21   Cohen Milstein, Sonn Law, and Levine Kellogg as an Executive Committee to assist in
22   the prosecution of this case.  The Proposed Order submitted with this Motion provides
23   that, within 14 days after entry of the order, the parties will submit a proposed schedule
24   that includes a date for the filing of a consolidated complaint and deadline for the
25   defendants to respond.  Until these organizational matters are resolved and an amended
26   complaint has been filed, the parties agree that defendants' obligation to respond to the
27   four pending complaints should be deferred.

28

MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD COUSNEL
CASE NO. 2:18-cv-00103-DMG-KS

Consolidation and appointment of lead counsel will advance the just and efficient conduct of this litigation.  The suggested case management procedures will prevent duplication of effort while promoting convenience and judicial economy.  To these ends, Plaintiffs respectfully request that the Court grant this motion and enter the Proposed Order submitted herewith.

## II.   RELEVANT BACKGROUND

The Related Cases allege that Robert H. Shapiro ("Shapiro") defrauded investors through a fraudulent investment scheme orchestrated through his Woodbridge entities. Amended Class Action Complaint, Dkt. No. 17, ¶ 1 ("Compl.").  Shapiro marketed promissory notes and other offerings as low-risk, high-yield investments backed by high-interest real-estate loans to third-party commercial borrowers.  *Id.*  But the loans did not generate sufficient revenue to pay the promised returns.  *Id.*  The great majority of the loans were to Shapiro's own shell companies.  *Id.*  Shapiro paid earlier investors using money from later investors until the scheme collapsed.  *Id.*  In December 2017 Woodbridge declared Chapter 11 bankruptcy.  *Id.*

Plaintiffs allege that the defendants knew of and participated in the Woodbridge fraud.  Compl. ¶ 2.  Plaintiffs allege Comerica accepted deposits of investor funds and concurrently processed thousands of unorthodox transfers among related Shapiro-controlled accounts in the face of "red flags" that alerted Comerica to Shapiro's fraudulent conduct, rendering it liable to the defrauded investors.  *Id.* ¶¶ 95-122. Plaintiffs further allege that the individual defendants knew Shapiro was mishandling investor funds and substantially assisted his scheme in the course of their respective business functions, for example, by processing improper transfers among Woodbridge-related entities, and are consequently liable.  *Id.* ¶¶ 12-22, 47, 52-54, 121.

The Related Cases are:

1.   *Jay Beynon Family Trust DTD 10/23/199, et al. v. Comerica Bank, et al.*, No. 2:18-cv-00103 (C.D. Cal. filed Jan. 4, 2018; amended Feb. 9, 2018);

2.   *Robert J. Prince, et al. v. Comerica Bank*, No. 2:18-cv-00430 (C.D. Cal. filed Jan. 17, 2018);

3.   *Lloyd Landman, et al. v. Comerica Bank*, No. 2:18-cv-00471 (C.D. Cal. filed Jan. 18, 2018); and

4.   *Alan Gordon et al v. Comerica Bank, et al*, No. 2:18-cv-01298 (C.D. Cal. filed Feb. 16, 2018).

On January 18 and February 1, 2018, Comerica and plaintiffs in *Landman* filed notices of related cases under Civil Local Rule 83-1.3. *Landman* Dkt. Nos. 5, 16. On February 16, 2018, plaintiffs in *Gordon* filed a notice of related cases under Civil Local Rule 83-1.3. *Gordon* Dkt. No. 3.

## III.  ARGUMENT

### A.  Consolidation Will Further the Just and Efficient Progress of the Litigation.

When two or more actions involve a common question of law or fact, Rule 42(a) permits the court to consolidate them. Fed. R. Civ. P. 42(a); *see Investors Research Co. v. United States Dist. Court*, 877 F.2d 777 (9th Cir. 1989) (holding that the court "has broad discretion under this rule to consolidate cases."). The Related Cases here name the same institutional defendant, arise from the same fraudulent scheme, and assert overlapping claims. The claims against Comerica will turn on whether evidence shows that Comerica engaged in affirmative acts and had the requisite knowledge to render it liable to investors. Plaintiffs anticipate that Comerica will assert defenses common to all the cases. "Thus, consolidation will undoubtedly further judicial economy in that one case will resolve all of the factual disputes[.]" *Maiteki v. Marten Transp. Ltd.*, No. 12-CV-2021-WJM-CBS, 2014 WL 4331664, at *2 (D. Colo. Sept. 2, 2014).

Consolidating the Related Cases—along with any cases filed or removed later—will streamline this litigation and allow for the efficient resolution of common issues. *See, e.g., Lowery v. Spotify USA Inc.*, No. CV 15-09929-BRO (RAOx), 2016 WL 6818756, at *2 (C.D. Cal. May 23, 2016) (finding that consolidation would "promote

1    judicial economy because the Court's burden in managing the two cases will
2    decrease."); *Academy of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-
3    3738 ABC (CWX), 2014 WL 12561068, at *1 (C.D. Cal. Mar. 27, 2014) (stating that
4    consolidation would enhance efficiency by "avoiding unnecessary consumption of the
5    Court's time, unnecessary burden on parties and witnesses, and the duplication of
6    evidence and procedures posed by multiple lawsuits").  Consolidation also will prevent
7    duplicative discovery.  *See, e.g., Galfer v. City of Los Angeles*, No. CV 13-00664 SJO
8    (MRWx), 2014 WL 6455792, at *1 (C.D. Cal. Nov. 14, 2014) ("Given the similarities
9    between the plaintiffs' claims . . . the Court ruled that consolidation would result in more
10   efficient discovery and the uniform resolution of dispositive motions.").

11        Consolidation of the Related Cases will not cause any prejudice, inconvenience,
12   or delay or impose added costs on the parties.  These cases remain in their initial
13   stages—there have been no answers, motions to dismiss, or discovery.  Thus, "factors
14   that counsel against consolidation, such as differing trial dates or stages of discovery, are
15   not present here."  *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales*
16   *Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012).

17        **B.    The Court Should Appoint a Single Firm to Lead the Litigation**
18             **on Behalf of Plaintiffs.**
19        Counsel for the plaintiffs in the Related Cases specialize in class actions and
20   securities litigation.  They have the expertise and resources required to prosecute the
21   Related Cases.  Girard Decl., Exs. B, C, D, E, & F.  These experienced attorneys agree
22   that a single firm should be appointed to direct the litigation so that the plaintiffs speak
23   with a single voice and the class claims are prosecuted without duplication of effort.
24   Appointment of one or a few attorneys to serve as lead counsel is common in class
25   actions.  *See* Manual for Complex Litigation (Fourth) § 10.221; *see Parkinson v. Hyundai*
26   *Motor Am.*, No. 06-cv-00345-AHS-MLG, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7,
27   2006) (appointing Girard Gibbs and one other firm as interim class counsel).  Because
28   there are only four Related Cases, all counsel for plaintiffs in the Related Cases agree a
     single firm should be designated to serve as lead, with authority to delegate necessary and

1  non-duplicative tasks to other plaintiffs' counsel, consistent with the needs of the
2  litigation.

3        Rule 23(g) contemplates early appointment of counsel to act on behalf of the
4  proposed class.  The rule provides that "[t]he court may designate interim counsel to act
5  on behalf of a putative class before determining whether to certify the action as a class
6  action."  Fed. R. Civ. P. 23(g)(3).  Designating interim counsel "clarifies responsibility
7  for protecting the interests of the class during precertification activities, such as making
8  and responding to motions, conducting any necessary discovery, moving for class
9  certification, and negotiating settlement."  Manual for Complex Litigation § 21.11 (4th
10 ed. 2004).  There need not be competing applications.  *See, e.g.*, *Tolmasoff v. General
11 Motors, LLC*, No. 16-11747, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016)
12 (appointing two law firms as interim class counsel where they filed the only two cases
13 and "others may follow.  Moreover, the Court believes that it would be beneficial to
14 formally identify the counsel responsible, at this pre-certification stage, for protecting the
15 interests of the putative class members."); *Roe v. Arch Coal, Inc.*, No. 4:15-CV-1026
16 (SNLJ), 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (appointing two law firms as
17 interim class counsel despite the defendant's argument that "no other counsel currently is
18 competing for appointment," because other firms may have been "investigating whether
19 to file suit" and the pending case "would benefit from designated interim class counsel
20 for efficient case management."); *see also* Fed. R. Civ. P. 23(g)(2) ("When one applicant
21 seeks appointment as class counsel, the court may appoint that applicant only if the
22 applicant is adequate under Rule 23(g)(1) and (4).").

23       By vesting Girard Gibbs with authority to act for the Class, the Court will promote
24 a fair and efficient result.  The plaintiffs in *Prince, Landman*, and *Gordon* support
25 appointment of Girard Gibbs as Lead Counsel.  Defendant Comerica agrees that
26 leadership for plaintiffs should be appointed and does not oppose appointment of Girard
27 Gibbs to serve as Lead Counsel.

28

MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD COUSNEL
CASE NO. 2:18-cv-00103-DMG-KS

The factors for appointing lead counsel under Rule 23(g) also apply to the appointment of interim class counsel before certification. *Kaminske v. JP Morgan Chase Bank N.A.*, No. SACV 09-00918 JVS, 2011 WL 521338, at *2 (C.D. Cal. Jan. 3, 2011); *Parkinson*, 2006 WL 2289801, at *2-3. These factors are:

   i.  counsel's work identifying or investigating potential claims in the action;

  ii.  counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

 iii.  counsel's knowledge of the applicable law; and

 iv.  the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

### 1. Girard Gibbs Performed Substantial Work Investigating This Action.

Girard Gibbs has dedicated and will continue to dedicate substantial resources to investigating these claims. The work done to date includes the following tasks:

- Investigating the facts surrounding the operation of the Woodbridge scheme and its demise;

- Identifying statutory and decisional law imposing liability on banks for providing services to perpetrators of fraudulent investment schemes;

- Interviewing investors and other persons knowledgeable about the operation of the Woodbridge scheme;

- Networking with regulatory agencies, bankruptcy counsel, and other litigants to avoid duplication of effort and share information;

- Preparation and filing of an initial complaint against Comerica and an amended complaint adding claims against individual Woodbridge employees as defendants;

- Conferring with other plaintiffs' counsel in the Related Actions to reach agreement on a proposal for leadership in this action and initial organizational measures.

Girard Decl., ¶ 3.

### 2. Girard Gibbs Has Relevant Experience and Knowledge of the Applicable Law.

Girard Gibbs is well-qualified to serve as lead counsel in this case. The firm is experienced in class actions, securities litigation, and other complex litigation. The firm has repeatedly been appointed to leadership positions by federal and state courts in a variety of substantive legal contexts. *See* Girard Decl., Ex. A.

Daniel Girard is the founder and managing partner of Girard Gibbs LLP and leads the team working on this case. *Id.* ¶¶ 1, 6. Mr. Girard has been recognized by the federal judiciary for his expertise in class actions. He was appointed by Chief Justice William H. Rehnquist to the United States Judicial Conference Advisory Committee on Civil Rules in 2004 and served on the committee through 2010. He was appointed by the Chief Justice John G. Roberts to serve on the Standing Committee on Rules of Practice and Procedure in 2015 and continues to serve on the Standing Committee. He has served as a faculty member for several Federal Judicial Center programs on complex litigation and class actions.

Under Mr. Girard's direction, the firm has obtained favorable results in cases involving many of the same elements that are present here, including fraudulent investment schemes, concurrent regulatory, bankruptcy, and criminal proceedings, and a large and varied group of interested parties. For example, in *In re Peregrine Financial Group Customer Litig.*, No. 12-cv-5546 (N.D. Ill), Girard Gibbs served as co-lead counsel representing investors in a lawsuit against U.S. Bank and JPMorgan Chase arising from the collapse of Peregrine Financial Group, Inc. The former Peregrine customers alleged that both banks breached legal duties by knowingly assisting Peregrine's owner, Russell Wasendorf, loot millions of dollars from customer accounts and put it to non-customer use. At the time of the litigation, Mr. Wasendorf had been sentenced to prison, Peregrine had declared bankruptcy, and the CFTC had frozen Peregrine's customer accounts. Together with co-counsel Michael Dell'Angelo, counsel for the plaintiffs in *Prince*, Girard Gibbs navigated these complications and vigorously prosecuted the case, while coordinating with the bankruptcy trustee and CFTC as

8

1   appropriate.  Despite the difficulty of establishing a bank's liability to non-depositors, the
2   plaintiffs' efforts led to recoveries from JPMorgan Chase and U.S. Bank of over $75
3   million.  Girard Decl., ¶ 9.

4          In *Billitteri v. Securities Am., Inc.,* No. 3:09-cv-01568-F (N.D. Tex.), Mr. Girard
5   served as lead counsel in an action brought by investors in a failed investment scheme.
6   Girard Gibbs coordinated settlement negotiations with bankruptcy trustees and competing
7   plaintiff groups, resulting in a global $150 million settlement.  In approving this
8   settlement, U.S. District Judge W. Royal Furgeson wrote: "Class counsel in this case
9   possess great competence and experience, and the result reached in this case perfectly
10  exemplifies their abilities.  The Court has been extremely impressed with the conduct,
11  skill, and accomplishment of class counsel throughout this litigation."  2011 WL
12  3585983, at *8 (N.D. Tex. Aug. 4, 2011).  Girard Decl., ¶ 9.

13         And in *In re Lehman Brothers Equity/Debt Sec. Litig*., No. 08-Civ-5523
14  (S.D.N.Y.), Mr. Girard served as court-appointed lead counsel for a certified class of
15  retail investors in structured products sold by UBS Financial Services, Inc.  The case
16  followed the collapse of Lehman Brothers Holdings, Inc.—the largest bankruptcy in U.S.
17  history.  The plaintiffs alleged that UBS misrepresented Lehman's financial condition
18  and failed to disclose that the "principal protection" feature of the notes depended upon
19  Lehman's solvency.  The Lehman securities litigation generated investor recoveries of
20  over $700 million.
21  Girard Decl., ¶ 9.

22         The cases above presented challenges analogous to those Plaintiffs' counsel
23  anticipate will arise in the Related Cases.  In these and numerous other cases, Girard
24  Gibbs attorneys have demonstrated their ability to achieve favorable outcomes.  *See*
25  Girard Decl., Ex. A.

26              **3.    Girard Gibbs Is Committed to Protecting and Advancing the
27                      Interests of Investors in the Woodbridge Companies.**

28         Managing partner Daniel Girard will lead the firm's prosecution of this case, along
    with partner Jordan Elias, and associates Elizabeth Kramer and Tom Watts.  Each

MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD COUSNEL
CASE NO. 2:18-cv-00103-DMG-KS

1   member of this team will bring substantial experience and qualifications to the

2   prosecution of plaintiffs' claims.  Girard Decl., ¶¶ 8, 11-15; Ex. A.  Additionally, each

3   has been working on this case since its inception and knows the relevant facts and law.

4   Along with this team of dedicated attorneys, Girard Gibbs has 32 attorneys total, all of

5   whom represent plaintiffs in complex litigation, as well as a full staff of non-lawyer

6   professionals.  Girard Decl., ¶ 10.

7       Girard Gibbs routinely advances the costs of litigation and has demonstrated the

8   ability and willingness to go toe-to-toe with well-resourced opposition, no matter how

9   intense and long-lasting the litigation.  In *Skold v. Intel Corp.*, No. 1-05-cv-039231 (Cal.

10  Super. Ct., Santa Clara County), the court approved a nationwide settlement that

11  delivered cash to affected consumers without requiring proof of purchase, stating: "It is

12  abundantly clear that Class Counsel invested an incredible amount of time and costs in a

13  case which lasted approximately 10 years with no guarantee that they would prevail. . . .

14  Simply put, Class Counsel earned their fees in this case."

15      Girard Gibbs is committed to pursuing Woodbridge investors' best interests in an

16  efficient and effective manner.  Girard Gibbs attorneys take pride in their ability to work

17  well with other firms, and are well-versed in strategies to utilize their colleagues'

18  expertise to focus and streamline the litigation.  Girard Gibbs will call on counsel for

19  plaintiffs in the Related Cases to assist in providing Woodbridge investors highly

20  effective representation.  Girard Gibbs's experience, resources, commitment, and

21  cooperative spirit position the firm to manage the prosecution of these claims.

22      **C.     The Court Should Appoint an Executive Committee.**

23      Establishing an executive committee to perform functions necessary to the

24  litigation of complex actions such as this one will best serve the interests of the class.

25  Manual for Complex Litigation (Fourth) § 21.11 (2011) ("In cases involving

26  overlapping, duplicative, or competing suits in other federal courts . . . , the lawyers may

27  stipulate to the appointment of a lead interim counsel and a steering committee to act for

28

10

MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD COUSNEL
CASE NO. 2:18-cv-00103-DMG-KS

the proposed class."); *see also* 3 Newberg on Class Actions § 10:9 (5th ed.) ("In larger cases . . . a court may need a more elaborate leadership structure . . . .").

Wolf Haldenstein, Berger & Montague, Cohen Milstein, and Sonn Law and Levine Kellogg are counsel in *Landman*, *Prince*, *Gordon*, and this case, respectively. They are knowledgeable about the litigation and well-qualified to meet the responsibilities of an Executive Committee. Girard Decl., Exs. B-F. The Executive Committee would, at the direction of Lead Counsel, assist with (a) the conduct of discovery; (b) research and drafting in connection with motion practice; (c) identifying and working with experts; (d) appearances at hearings and conferences with the Court; (e) the timing and substance of any settlement negotiations with the defendants (or potential defendants); and (f) other matters concerning prosecuting or resolving these cases. Their appointment would help secure the just and efficient determination of this case.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to consolidate this action with *Prince, Landman*, and *Gordon*, to appoint Girard Gibbs LLP as Lead Counsel and as interim class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and to appoint Wolf Haldenstein, Berger & Montague, Cohen Milstein, Sonn Law, and Levine Kellogg as an Executive Committee.

Respectfully submitted,

Dated: March 7, 2018

By: ___ /s/ *Daniel C. Girard*

Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Adam E. Polk (SBN 273000)
Elizabeth A. Kramer (SBN 293129)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: 415.981.4800
Email: dcg@girardgibbs.com
Email: je@girardgibbs.com

11

1   Email: aep@girardgibbs.com
2   Email: eak@girardgibbs.com

3   Jeff S. Westerman (SBN 94559)
4   **WESTERMAN LAW CORPORATION**
    1875 Century Park East, Suite 2200
5   Los Angeles, CA 90067
    Telephone: 310.698.7880
6   Email: jwesterman@jswlegal.com

7
    Scott L. Silver (*pro hac vice*)
8   **SILVER LAW GROUP**
9   11780 W. Sample Road
    Coral Springs, FL 33065
10  Telephone: 954.755.4799
11  Email: ssilver@silverlaw.com

12  Jeffrey R. Sonn (*pro hac vice*)
13  **SONN LAW GROUP P.A.**
    One Turnberry Place
14  19495 Biscayne Blvd., Suite 607
15  Aventura, FL 33180
    Telephone: 305.912.3000
16  Email: jsonn@sonnlaw.com

17
    Jeffrey C. Schneider (*pro hac vice*)
18  Lawrence A. Kellogg (*pro hac vice*)
19  Jason Kellogg (*pro hac vice*)
    **Levine Kellogg Lehman Schneider &**
20  **Grossman LLP**
21  201 South Biscayne Boulevard
    22nd Floor, Miami Center
22  Miami, Florida 33131
23  Telephone: 305.403.8788
    Email: jcs@lklsg.com
24  Email: lak@lklsg.com
25  Email: jk@lklsg.com

26  Betsy C. Manifold (SBN 182450)
27  **WOLF HALDENSTEIN ADLER**
    **FREEMAN & HERZ LLP**
28  750 B Street, Suite 2770
    San Diego, CA 92101

12

1

2

Telephone: 619.239.4599
Email: manifold@whafh.com

3

4

5

6

7

Michael C. Dell'Angelo (*pro hac vice*)
Barbara Podell (*pro hac vice*)
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Telephone: 215.875.3000
Email: mdellangelo@bm.net

8

9

10

11

12

Steven J. Toll (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue N.W., Suite 500
Washington, DC 20005
Telephone: 202.408.4600
Email: stoll@cohenmilstein.com

13

14

*Attorneys for Plaintiffs and plaintiffs in the Related Cases*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

13

MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD COUSNEL
CASE NO. 2:18-cv-00103-DMG-KS