1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

IN RE WOODBRIDGE
INVESTMENTS LITIGATION

Case No. CV 18-103-DMG (MRWx)

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS ACTION**
**SETTLEMENT AND PROVIDING**
**FOR NOTICE**

WHEREAS, Plaintiffs Mark Baker, Jay Beynon Family Trust DTD 10/23/1998, Alan and Marlene Gordon, Joseph C. Hull, Lloyd and Nancy Landman, and Lilly A. Shirley ("Plaintiffs") and Defendant Comerica Bank ("Defendant") entered into a Settlement Agreement on August 6, 2021, which sets forth the terms and conditions for a proposed settlement of this consolidated action ("Action" or "Litigation") and for its dismissal with prejudice upon the terms and conditions set forth therein;

WHEREAS, Plaintiffs have moved the Court for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) finding that the Court will likely be able to certify the Settlement Class after the Final Approval Hearing, and (iii) directing notice as set forth herein;

WHEREAS, the Settlement appears to be the product of informed, arms' length settlement negotiations among Interim Lead Class Counsel, counsel for Defendant, and the Trustee of the Woodbridge Liquidation Trust formed pursuant to the chapter 11 plan confirmed in the jointly-administered bankruptcy cases styled *In re Woodbridge Group of Companies, LLC, et al.*, Case No. 17-12560 (Bankr. D. Del.), Doc. No. 2903, which negotiations were conducted over a period of months and mediation sessions including before the mediator Hon. W. Royal Furgeson (Ret.);

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations and has found good cause for entering this Order; and

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

### Settlement Class Certification

1.　This Order incorporates by reference the definitions in the Settlement Agreement dated August 6, 2021 (the "Settlement"), and all defined terms used herein

have the same meanings ascribed to them in the Settlement.

2.     The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that the Court will likely be able to certify the following proposed Settlement Class pursuant to Federal Rule of Civil Procedure 23:

> The Non-Contributing Claimants and the Woodbridge
> Liquidation Trust, as assignee of the claims of the
> Contributing Claimants.

3.     The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are likely to be satisfied for the Settlement Class. In support of this conclusion, the Court provisionally finds as follows:

a.     The members of the class are too numerous for their joinder to be practicable. The Settlement Class consists of approximately 3,274 Woodbridge investors, in addition to the Woodbridge Liquidation Trust as assignee of thousands of investor claims.

b.     Questions of law and fact common to the Settlement Class predominate over individualized questions. Whether Defendant knew that Robert Shapiro was engaging in fraud or breaches of fiduciary duty in connection with his Woodbridge investment business, and whether Defendant provided substantial assistance to Shapiro in carrying out such unlawful conduct, are common questions that predominate over individual questions for settlement purposes.

c.     Plaintiffs' claims are typical of the claims of the Settlement Class. Each claim arises from Defendant's alleged common conduct in aiding and abetting Shapiro's Ponzi scheme and seeks redress for the same injury in the form of lost investments.

d.     Plaintiffs are adequate class representatives whose interests in this matter are aligned with those of the other Settlement Class Members, and the Court hereby appoints them as Settlement Class Representatives. Additionally, Interim Lead

Class Counsel, Daniel C. Girard of the law firm of Girard Sharp LLP, is experienced in prosecuting complex class actions, and the firm has committed the necessary resources to represent the Settlement Class, and is hereby appointed as Settlement Class Counsel.

e.     A class action is a superior method for the fair and efficient resolution of this matter.

### Preliminary Approval of the Settlement

4.     The Settlement is the product of non-collusive, arm's-length negotiations between experienced class action and bankruptcy attorneys who were well informed of the strengths and weaknesses of the Action, including through discovery and motion practice, and whose settlement negotiations were supervised by Hon. Royal Furgeson (Ret.). The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial and/or appeal concerning the claims at issue. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued prosecution of the claims in the Action, and does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Class.

5.     The Court preliminarily approves the Settlement as fair, reasonable, and adequate and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

6.     The Settlement Amount shall be paid to and managed by the Trustee as detailed in the Settlement Agreement. All funds held by the Trustee shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds are distributed pursuant to the Settlement Agreement.

### Manner and Form of Notice

7.     The Court approves the Notice substantially in the form attached at Doc. # 188-2, subject to the Court's edits. The proposed notice plan, which provides for direct

notice via first-class mail and via online publication, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed Settlement (including on the Released Claims); the anticipated motion for attorneys' fees, reimbursement of litigation expenses, and service awards; and their rights to participate in, opt-out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to Settlement Class Members; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice before dissemination.

8.     The Court hereby appoints Michael I. Goldberg, Trustee of the Woodbridge Liquidation Trust formed pursuant to the Chapter 11 plan of bankruptcy approved in *In re Woodbridge Group of Companies, LLC, et al.*, Case No. 17-12560 (Bankr. D. Del.), ECF No. 2903, to carry out the Notice program, effect payment to Settlement Class Members, and otherwise perform all administrative tasks set forth in Section VI of the Settlement Agreement.

9.     By September 23, 2021, the Trustee shall cause the Notice to be mailed to all Non-Contributing Claimant members of the Settlement Class at the mailing address on file for such members of the Settlement Class with the Trust (the "Notice Date"). Substantially contemporaneously with the mailing of the Notice, the Trustee shall cause a PDF version of the Notice to be posted on the website of the Trust. The Trustee shall also cause the Settlement Agreement, Motion for Preliminary Approval and supporting documents, as well as all other documents ultimately filed in support of Final Approval, including the forthcoming Motion for Attorneys' Fees and Costs and Motion for Final Approval, to be posted on the website of the Trust substantially contemporaneously with the filing of those documents with the Court.

10.     All reasonable expenses incurred in notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement.

11.     The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

## The Final Approval Hearing

12.     The Court will hold a Final Approval Hearing on December 17, 2021 at 10:00 a.m., at the United States District Court for the Central District of California, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 8C, 8th Floor, for the following purposes: (i) to finally determine whether the Settlement Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to consider Class Counsel's application for an award of attorneys' fees, reimbursement of litigation expenses, and service awards; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

13.     Papers in support of Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards shall be filed by October 8, 2021, and papers responding to any objections to the Settlement or to Class Counsel's fee application (and attaching copies of any objections or requests for exclusion) shall be filed by November 24, 2021.

14.     Class Counsel's motion for final approval of the settlement shall be filed by October 8, 2021.

## Objections and Appearances at the Final Approval Hearing

15.     Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to

comment on or oppose Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards. No person shall be heard or entitled to contest the approval of the Settlement or, if approved, the judgment to be entered approving the Settlement, Class Counsel's application for an award of attorneys' fees, reimbursement of litigation expenses, and service awards, unless that person submitted an objection to the Trustee in writing by November 8, 2021 (the "Objection and Opt-Out Deadline").

16.     Any Settlement Class Member who does not make his, her, or its objection in the time and manner provided for herein shall be deemed to have waived such objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, to entry of the Final Approval Order and Judgment of Dismissal, or to Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards. By objecting, or otherwise requesting to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

17.     For an objection to be considered by the Court, the objection must include the following: the Settlement Class Member's full name, signature, address, email address, and telephone number; an explanation of the basis upon which the objector claims to be a Settlement Class Member; whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and the reasons for the objection, accompanied by any legal or factual support for the objection; the name of counsel for the objector (if any), including any former or current counsel who may seek or receive compensation for any reason related to the objection; the case name and civil action number associated with any other objections the objector or their counsel have made in any other class action cases in the last four years; and whether the objector intends to appear at the Final Approval Hearing on their own behalf or through counsel.

18.     Any Settlement Class Member who timely and properly objects may appear

at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's expense. Any objector who wishes to present evidence at the Final Approval Hearing must include in their written objection(s) the identity of any witness(es) they may call to testify and copies of any exhibit(s) they intend to offer at the hearing. Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

19.     Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally in connection with approval of the approval of the Settlement and/or the application for an award of attorneys' fees, reimbursement of expenses, and service awards must indicate in their written objection their intention to appear at the hearing.

## Exclusions from the Settlement Class

20.     Any requests for exclusion are due by the Objection and Opt-Out Deadline, November 8, 2021. Any person who would otherwise be a member of the Settlement Class who wishes to be excluded/opt-out from the Settlement Class must notify the Girard Sharp law firm and the Winston & Strawn law firm (collectively, the "Notice Parties") in writing of that intent by submitting a written exclusion request postmarked by the Objection and Opt-Out Deadline. All persons who submit valid and timely notifications of exclusion/opt-out in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any Orders or final judgment of the Court.

21.     For an exclusion/opt-out request to be valid and binding, it must include the following: the Settlement Class member's full name, address, telephone number, and email address; a statement indicating that they are a member of the Settlement Class and wish to opt-out of the Settlement; and the member's signature.

22.     Any member of the Settlement Class who does not notify the Notice Parties of their intent to be excluded/opt-out from the Settlement Class in the manner stated herein

shall be deemed to have waived his or her right to be excluded/opt-out from the Settlement Class. If the Court approves the Settlement, any such person shall forever be barred from requesting exclusion/opt-out from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the release of the Released Claims provided for in the Settlement Agreement and in the Final Approval Order and Judgment of Dismissal.

### Termination of the Settlement

23.     If the Settlement fails to become effective in accordance with its terms, or if the Final Approval Order and Judgment of Dismissal is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

### Limited Use of This Order

24.     The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendant in this Action if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the

Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Approval Order and Judgment of Dismissal, and/or the Settlement.

25.     No Party or counsel to a Party in this Litigation shall have any liability to any Settlement Class Member for any action taken substantially in accordance with the terms of this Order.

## Reservation of Jurisdiction

26.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

## Schedule and Deadlines

27.     The Court orders the following schedule for the specified action and further proceedings:

| Event | Proposed Deadline |
|---|---|
| Entry of preliminary approval order | September 3, 2021 ("Preliminary Approval Date") |
| Deadline to mail notice and post notice on Woodbridge website | September 23, 2021 |
| Plaintiffs to move (1) for final approval of the settlement and (2) for attorneys' fees, reimbursement of litigation expenses, and service awards | October 8, 2021 |
| Objection and Opt-Out Deadline | November 8, 2021 |
| Plaintiffs to file reply in support of motions for final approval of the settlement and for attorneys' fees, reimbursement of litigation expenses, and service awards | November 24, 2021 |
| Final Fairness Hearing | December 17, 2021 @ 10:00 a.m. |

**IT IS SO ORDERED.**

DATED:  September 3, 2021

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE