JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| IN RE WOODBRIDGE INVESTMENTS LITIGATION | Case No. CV 18-103-DMG (MRWx) <br><br> **FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL; ORDER RE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |
|---|---|

This matter came before the Court for hearing pursuant to the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Providing for Notice, dated September 3, 2021 ("Preliminary Approval Order"), on the motion of Plaintiffs Mark Baker, Jay Beynon Family Trust DTD 10/23/1998, Alan and Marlene Gordon, Joseph C. Hull, Lloyd and Nancy Landman, and Lilly A. Shirley ("Plaintiffs") for approval of proposed class action settlement with Defendant Comerica Bank ("Defendant" or "Comerica"). Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. This Final Approval Order and Judgment of Dismissal incorporates by reference the definitions in the Settlement Agreement dated August 6, 2021 (the "Settlement"), and all defined terms used herein have the same meanings ascribed to them in the Settlement.

2. This Court has jurisdiction over the subject matter of this consolidated action (the "Action" or "Litigation") and over all Parties thereto, and venue is proper in this Court.

3. The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court accordingly certifies the following Settlement Class:

> The Non-Contributing Claimants and the Woodbridge Liquidation Trust, as assignee of the claims of the Contributing Claimants.

4. Pursuant to Federal Rule of Civil Procedure 23(e), the Court GRANTS final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

5.     The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt-out of the Settlement Class, to all persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.  The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

6.     The Court therefore directs the Trustee and the Parties to implement the Settlement according to its terms and conditions.[1]

7.     Upon the later of (i) the Settlement Effective Date and (ii) payment by Defendant (including through its insurers) of the Total Settlement Payment, the Settlement Class Representatives, Comerica, Settlement Class Members, Plaintiffs' Class Counsel, and the Trustee (the "Releasing Parties") shall be deemed to have released and forever discharged, upon good and sufficient consideration, the Defendant Released Parties (including Comerica), the Settlement Class Representatives, Plaintiffs' Class Counsel, the Trustee, the Woodbridge Liquidation Trust, and attorneys for the Woodbridge Liquidation Trust (the "Released Parties") from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, refunds, reimbursements, restitution, and attorneys' fees, of any nature whatsoever, whether arising under federal law, state law, local law, common law or equity, including but not limited to state or federal antitrust laws, any state's consumer protection laws, unfair competition laws, or other similar

---

[1] At the hearing, the Court mistakenly stated that the deadline for Defendant to tender payment would be January 4, 2022, which is 10 business days from the date of this Order.  The Settlement states that the deadline shall be 10 business days from the Settlement Effective Date, but the Court did not take into account that the definition of the Settlement Effective Date incorporates the expiration of the appeal period.  The parties are directed to disregard the Court's oral ruling to that effect and shall comply with the schedule set forth in the Settlement.

state laws, unjust enrichment, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, including Unknown Claims, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, (i) that were advanced in the Class Action, (ii) that are related to the facts, transactions, events, occurrences, acts, or omissions alleged in the Class Action and could have been advanced in the Class Action, (iii) that were advanced in the Delaware Adversary, or (iv) that are related to the facts, transactions, events, occurrences, acts, or omissions alleged in the Delaware Adversary and could have been advanced in the Delaware Adversary, as of the date of this Final Approval Order and Judgment of Dismissal (excluding, for avoidance of doubt, any claims to enforce the Settlement Agreement or this Final Approval Order and Judgment of Dismissal).  Plaintiffs and each Settlement Class Member, including the Trustee, shall be bound by the Settlement Agreement and shall not sue or bring any action or cause of action, or seek restitution or other forms of monetary relief, including by way of third-party claim, crossclaim, or counterclaim, against any Released Party with respect to any of the Released Claims, including with respect to any Released Claims previously assigned to the Trustee or assigned to the Trustee in the future; they will not initiate or participate in bringing or pursuing any class action or individual lawsuit against any Released Party with respect to any of the Released Claims, including with respect to any Released Claims previously assigned to the Trustee or assigned to the Trustee in the future (if involuntarily included in any such class action or individual lawsuit, they will not participate therein); and they will not assist any third party in initiating or pursuing a class action lawsuit or individual lawsuit against any Released Party with respect to any of the Released Claims, including with respect to any Released Claims previously assigned to the Trustee or assigned to the Trustee in the future. For the sake of clarity, other than as to the Trustee, the "Released Claims" do not extend to any claims or obligations that might exist as between

a Settlement Class Member that is or was also a Comerica customer, on the one side, and Comerica, on the other side, but solely in relation to that customer's own banking, lending or credit relationship with Comerica.

8. No persons requested exclusion from the Settlement Class as of the Objection and Opt Out Deadline. All members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against the Defendant Released Parties in any court, administrative agency, arbitral forum, or other tribunal.

9. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Defendant or any other Released Party, or (c) any fault or omission of Defendant or any other Released Party in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

10. Neither Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards nor any order entered by this Court thereon shall in any way disturb or affect this Judgment, and all such matters shall be treated as separate from this Judgment.

11. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to the administration, consummation, enforcement, and interpretation of the Settlement and/or this Final Approval Order and Judgment of Dismissal, including any orders necessary to effectuate the final approval of the Settlement and its implementation. If any Party fails to fulfill its obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of the Released Claims against the Released Parties and to reinstate the Released Claims.

12. If the Settlement does not become effective, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement.

13. Upon the Settlement Effective Date, the Litigation shall be dismissed with prejudice.

14. Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards is **GRANTED**. Class Counsel are awarded $13,550,000 in attorney's fees amounting to 25% of the $54,200,000 of the settlement fund, to be allocated among them by Settlement Class Counsel in a manner which reflects each counsel's contribution to the prosecution and resolution of the claims against Comerica. Class Counsel are also awarded $409,611 in litigation expenses. The Court also grants service awards of $15,000 for each of the individual class representatives and $20,000 for the married class representatives.

**IT IS SO ORDERED.**

DATED: December 17, 2021

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE